IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51092
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO ROMERO-RAMIREZ,
also known as Sergio Romero,
also known as Sergio Sanchez-Perez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1020-ALL-DB
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sergio Romero-Ramirez appeals the sentence imposed following his guilty plea conviction of being found in the United States after removal in violation of 8 U.S.C. § 1326. Romero-Ramirez argues that his sentence should not have been enhanced pursuant to 8 U.S.C. § 1326(b)(2) based on his prior removal following an aggravated felony conviction. He asserts that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses and that an aggravated felony conviction is an element of the offense under

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

8 U.S.C. § 1326(b)(2).  Romero-Ramirez states that he pleaded guilty to an indictment which charged simple reentry under 8 U.S.C. § 1326(a).  He argues that his sentence exceeds the two-year maximum term of imprisonment which may be imposed for that offense.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses.  The Court further held that the sentencing provisions do not violate the Due Process Clause.  Id. at 239-47.  Romero-Ramirez acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the validity of that decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Romero-Ramirez seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).  The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief.  In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required.  The motion is GRANTED.

AFFIRMED; MOTION GRANTED.